UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Charles Howard III, )
        Petitioner, )
) No. 19 CV 50259
v. ) Judge Iain D. Johnston
)
Andrew Ciolli,[1] )
        Respondent. )

### MEMORANDUM OPINION AND ORDER

Petitioner Charles Howard III has filed a petition under 28 U.S.C. § 2241 challenging his conviction as a felon in possession of a firearm in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and his designation as an armed career criminal in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). For the reasons that follow, Mr. Howard's petition [1] and [8] is denied. His motion for counsel [54] is also denied.

### BACKGROUND

On May 7, 2013, Mr. Howard was indicted in the Western District of Pennsylvania on two counts: possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1) (Count I), and possession with intent to distribute cocaine base, *see* 21 U.S.C. § 841(a)(1) (Count II). *See United States v. Charles Howard III*, No. 13 CR 135 (W.D. Pa.). The indictment alleged that both offenses occurred on March 28, 2012. The allegations also detailed four of Mr. Howard's prior felony convictions, all drug offenses in Allegheny County, Pennsylvania: two from 2001 (CP-02-CR-12144-2001 and CP-02-CR-110748-2001), one from 2002 (CP-02-CR-7339-2001), and one from 2009 (CP-02-CR-671-2007).

Before the 13 CR 135 case was resolved, on June 5, 2014, the U.S. Attorney in Western District of Pennsylvania initiated a new case alleging another count of possession of a firearm by a felon, *see* 18 U.S.C. 922(g)(1), this time for conduct that allegedly occurred on May 20, 2013. *See United States v. Charles Howard III*, No. 14 CR 149 (W.D. Pa.). In support of the felon in possession allegation, the information detailed the same four prior state drug felonies.

On June 11, 2014, Mr. Howard pled guilty to all of the charges pending in both cases. *See* Transcript of Change of Plea (found at Dkt. 40-1 at 115-139). In his plea agreement, he and the government agreed that his sentence should be 180 months on each of the three counts, to be served concurrently, and in exchange for the guilty plea the government agreed not to pursue a count of possession of a firearm in furtherance of a drug trafficking offense in the 13 CR 135 case. *See* Plea Agreement at 4-5 (found at Dkt. 40-1 at 108-109).

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

In advance of sentencing, Mr. Howard's probation officer submitted a Presentence Investigation Report. In the PSR, the probation officer determined that Mr. Howard was an armed career criminal because of the four prior drug felonies alleged in the indictment in case 13 CR 135 and the information in case 14 CR 149. PSR [39] at 8-9. Under the Armed Career Criminal Act, a defendant who violates 18 U.S.C. § 922(g) by being a felon in possession of a firearm faces a minimum sentence of 15 years' incarceration if the defendant was previously convicted of three violent felonies, serious drug felonies, or a combination of the two. *See* 18 U.S.C. § 924(e). A serious drug felony is a federal or state drug offense for which the maximum term of imprisonment of ten years or more. *See* 18 U.S.C. § 924(e)(2)(A).

On December 2, 2014, in the absence of any objection by either side, the sentencing judge adopted the PSR's calculation of Mr. Howard's sentencing range of 188 to 235 months, accepted the parties' stipulation of an agreed sentence, and sentenced Mr. Howard to 180 months' incarceration on each of the three counts to which he pled guilty, to be served concurrently. *See* Sentencing Transcript at 4-5, 9 (found at Dkt. 40-1 at 145-46, 150). During the hearing, Mr. Howard thanked the judge for "reviewing my case and giving me the correct sentence." *Id.* at 7 (found at Dkt. 40-1 at 148). Mr. Howard did not appeal.

On December 8, 2015, Mr. Howard filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255. *See* Motion under 28 U.S.C. § 2255 (found at Dkt. 40-1 at 38-55). He argued that he did not enter into his plea agreement knowingly, intelligently and voluntarily because his counsel was ineffective for several reasons, including for failing to challenge that he was a career offender and armed career criminal. Specifically he argued that his prior drug felonies were not "serious drug felonies" because the maximum term of imprisonment was less than ten years, and therefore those convictions could not be used as predicate offenses triggering a sentencing enhancement under the Armed Career Criminal Act. The district judge denied his motion and declined to issue a certificate of appealability. *See* Order of May 12, 2017 (found at Dkt. 40-1 at 206-13). Mr. Howard then sought a certificate of appealability from the Third Circuit, but it declined to issue one. *See* Order of October 20, 2017 (found at Dkt. 40-1 at 216-17).

Mr. Howard has now filed a petition for habeas relief under 28 U.S.C. § 2241 on the basis that he is being held in violation of the Constitution or the country's law or treaties. He properly filed his petition in this district because he was housed at USP Thomson at the time. *Al–Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir.2004). Although he has since been transferred to USP Pollock, jurisdiction over the petition remains with this Court. *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021). His briefs offer two arguments in support of his petition. First, he contends that his sentence under the Armed Career Criminal Act must be vacated under the U.S. Supreme Court's 2016 decision in *Mathis v. United States* because his prior state felony convictions are no longer valid predicate offenses. Second, he contends that his plea to being a felon in possession of a firearm must be set aside under the U.S. Supreme Court's 2019 decision in *Rehaif v. United States* because the judge did not advise him that to be convicted, the government would be required to prove that that he knew he belonged to one of the categories of persons prohibited from possessing a firearm, which for him meant proving that he knew he was a felon. In his reply brief he also contends that his prior convictions no longer support his designation at sentencing as a career offender.

## ANALYSIS

The normal avenue available to a federal prisoner to collaterally attack a sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of the conclusion of the direct appeal, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). None of those avenues is available to Mr. Howard because his criminal matter concluded more than a year ago, he has already brought one motion under § 2255, and he did not obtain permission to file a second or successive § 2255.

However, if a federal prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention," then the prisoner may be able to obtain relief under the "saving clause" of 28 U.S.C. § 2255(e). *See Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). If a prisoner can satisfy the "inadequate or ineffective" saving clause provision of § 2255(e), then he can attempt to obtain relief under the general federal habeas statute, 28 U.S.C. § 2241. But different circuits evaluate the "inadequate or ineffective" provision differently, and the question of which circuit's law governs the "inadequate or ineffective" inquiry—be it the circuit in which the defendant was convicted or the circuit in which the defendant is housed—is unsettled. *See Chazen v. Marske*, 938 F.3d 851, 865 (7th Cir. 2019) ("Today's opinion avoids resolving the choice-of-law problem . . .") (J. Barrett, concurring). The Third Circuit appears to be inhospitable to his argument about being an armed career criminal because it is considered to be just a sentencing enhancement that is not cognizable under § 2241, as opposed to a separate offense. *See Davis v. Warden Allenwood FCI*, 818 Fed. Appx. 147 (3d Cir. 2020). However, this Court need not resolve the choice-of-law issue or determine whether Mr. Howard can proceed under the saving clause because even if he could, his petition must still be denied because his arguments are meritless.

## I. Armed Career Criminal Act and *Mathis*

Under the ACCA, a defendant is subject to a 15-year minimum sentence if he has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A serious drug offense is an offense under a federal drug law which carries a maximum term of imprisonment of ten years or more, or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" as defined under 21 U.S.C. § 802 which carries a maximum term of imprisonment of ten years or more.

Determining whether a state offense falls within the ACCA's definition of a "serious drug offense," a court applies the categorical approach, under which it looks only to the elements of the statute of conviction, as opposed to the facts underlying the conviction. *Taylor v. United States*, 495 U.S. 575, 600 (1990). But if a statute "sets out one or more elements of the offense in the alternative," a court may employ what is dubbed the modified categorical approach, under which it may also look to a limited class of documents, such as the indictment or jury instructions, "to determine which alternative formed the basis of the defendant's prior

conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013). In *Mathis v. United States*, 136 S. Ct. 2243, 2253-54 (2016), the Supreme Court rejected an argument that the modified categorical approach also applies if a statute sets out alternative *means* of committing a single offense, known as an indivisible statute. *Mathis* reiterated that the modified approach applies only to divisible statutes, which are ones that set up *elements* in the alternative, thereby defining multiple crimes. *Id.*

Mr. Howard identifies three ways in which he contends that his sentencing under the ACCA ran afoul of *Mathis*: (1) the court could not look beyond the text of the Pennsylvania drug statute under which he was convicted to determine if his conviction constituted a serious drug offense; (2) even if the court could look beyond the text of the Pennsylvania statute because it sets out alternative elements of offenses rather than alternative means of committing an offense, no controlled substance is identified the charging documents of his prior offenses; and (3) his prior offenses were for simple possession, which are misdemeanors and therefore cannot serve as predicate offenses under the ACCA.

### A. *Statute of Conviction is Divisible*

Mr. Howard argues that his statute of conviction, 35 Pa. Cons. Stat. § 780-113, includes offenses covering all kinds of different controlled substances and quantities, and so when looking solely at the statute, it is impossible to know the conduct of which he was convicted or to determine whether it falls within the ACCA's definition of a serious drug offense. However, 35 Pa. Cons. Stat. § 780-113 is a divisible statute that sets out elements in the alternative, thereby defining multiple crimes. *United States v. Henderson*, 841 F.3d 623, 628-631 (3d Cir. 2016) (applying *Mathis* to determine that § 780-113 sets out alternative elements, not alternative means, and so is a divisible statute). Elsewhere in his filings, Mr. Howard seems to agree that § 780-113 is a divisible statute. *See* Second Supplemental Memorandum [14] at 4 ("the type of controlled substance involved in a violation of 35 Pa. Stat. Ann. § 780-113(a)(30) alters the prescribed range of penalties, the statute includes several alternative 'elements' and therefore is divisible."), 6 ("Because 35 Pa. Stat. Ann. § 780-113(a)(30) can be violated by the possession of and intent to distribute many differ[e]nt types of drugs which can increase the prescribed range of penalties, the statute includes several alternative 'elements' and is therefore divisible.").

As a result, under *Taylor* and *Mathis*, a court may consult a limited class of documents, such as the charging and plea documents, to determine whether Mr. Howard's crime constituted a serious drug offense under the ACCA. *See Henderson*, 841 F.3d at 631; *see also Johnson v. United States*, 559 U.S. 133 (2010) (under the modified categorical approach, the limited class of documents a court can consult include "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusion of law from a bench trial, and jury instructions and verdict forms.").

According to the information filed in the CP-02-CR-12144-2001 case, Count I charged that Mr. Howard "delivered cocaine" in violation of 35 Pa. Cons. Stat. § 780-113(a)(30), which criminalizes the "manufacture, delivery or possession with intent to manufacture or deliver" the controlled substance. Information for CP-02-CR-12144-2001 (found at Dkt. 9 at 44). The

statutory maximum sentence for such an offense is ten years.  *See* 35 Pa. Cons. Stat. § 780-113(f)(1.1).  Mr. Howard pled guilty to Count I on June 4, 2001.  Dkt. 9 at 49.

According to the information filed in the CP-02-CR-110748-2001 case, Count I charged that Mr. Howard "possessed with intent to deliver a controlled substance namely, cocaine," again in violation of 35 Pa. Cons. Stat. § 780-113(a)(30).  Information for CP-02-CR-110748-2001 (found at Dkt. 40-1 at 185).  The statutory maximum sentence for such an offense is ten years.  *See* 35 Pa. Cons. Stat. § 780-113(f)(1.1).  Mr. Howard pled guilty to Count I on October 18, 2001.  Dkt. 40-1 at 188.

According to the information filed in the CP-02-CR-7339-2001 case, Count I charged that Mr. Howard "possessed with intent to deliver cocaine," again in violation of 35 Pa. Cons. Stat. § 780-113(a)(30).  Information for CP-02-CR-7339-2001 (found at Dkt. 9 at 36).  The statutory maximum sentence for such an offense is ten years.  *See* 35 Pa. Cons. Stat. § 780-113(f)(1.1).  Mr. Howard pled guilty to Count I on April 23, 2022.  Dkt. 9 at 39.

Finally, according to the information filed in the CP-02-CR-671-2007 case, Count I charged that Mr. Howard "possessed with intent to deliver a controlled substances name, Cocaine," again in violation of 35 Pa. Cons. Stat. § 780-113(a)(30).  Information for CP-02-CR-671-2007 (found at Dkt. 40-1 at 171).  The statutory maximum sentence for such an offense is ten years.  *See* 35 Pa. Cons. Stat. § 780-113(f)(1.1).  Although his date of conviction is not clear from the record, he was sentenced on Count I on October 13, 2009.  Dkt. 40-1 at 173.

Thus, Mr. Howard was convicted of four prior offenses involving either the delivery of cocaine or the possession with the intent to deliver cocaine, and on each occasion he faced a statutory maximum sentence of ten years' incarceration.  As a result, under the modified categorical those four prior drug offenses constituted serious drug offenses under the ACCA.  Accordingly, Mr. Howard has identified no error under *Mathis* based upon the sentencing court's determination that those four offenses were predicate offenses and that Mr. Howard was an armed career criminal subject to a minimum 15 year sentence.

Nevertheless, Mr. Howard contends that the district judge at his change of plea hearing stated that Mr. Howard's prior offenses were too "complicated to get into" because the indictment in the 2013 case and the information in the 2014 case "only listed 'means' of committing a drug offense it says nothing about the elements of a serious drug offense 'defendant was convicted of.'"  Supplemental Memorandum [9] at 13.  But that mischaracterizes the judge's statements.  The judge said nothing about means or elements, and did not state that Mr. Howard's criminal history was too complicated because it identified only means rather than elements.  Rather, the judge stated only that he would not recite the entirety of the charging documents "because it's a little bit complicated," but noted that the charging documents "make reference to your four previous convictions," that Mr. Howard had been "charged here with having been convicted, and they gave the various numbers of the cases in which you were convicted," and that the "first element they would have to prove is that you had been convicted of a felony in the past, and that is a crime punishable by imprisonment for a term exceeding one year, and that's the reference to your four convictions."  Change of Plea Transcript at 9-10 (found at Dkt. 40-1 at 123-24).  The judge did not suggest that 35 Pa. Cons. Stat. § 780-

113(a)(30) was a statute that listed only alternative means rather than alternative elements of offenses.

### B. *Information Specifies the Controlled Substance*

Next, Mr. Howard contends that even if a court is able to rely on the charging documents from his prior offenses, the charging documents in two of his prior cases—CP-02-CR-12144-2001 and CP-02-CR-7339-2001—do not identify the controlled substance with which he was charged. Later in a supplemental brief he contends that the charging documents in the other two predicate offenses also failed to identify a controlled substance. Second Supplemental Brief [14] at 4. According to Mr. Howard, without knowing the controlled substance with which he was charged, no court could determine whether those prior offenses were serious drug offenses under the ACCA.

In the order denying his motion under 28 U.S.C. § 2255, the district judge noted that the information in CP-02-CR-7339-2001 did not specify a controlled substance. *See* Dkt. 40-1 at 210 n.4. But as quoted above, both it and the charging documents from Mr. Howard's three other predicate offenses all specified that the controlled substance at issue was cocaine. Accordingly, Mr. Howard's assertion that any of the charging documents from his four predicate offenses did not specify a controlled substance is incorrect.

### C. *Prior Convictions Were for Not for Simple Possession*

Mr. Howard also argues that his convictions in CP-02-CR-12144-2001 and CP-02-CR-7339-2001 were merely for simple possession, a misdemeanor, and therefore do not qualify as serious drug offenses. In a supplemental brief, he argues that all four prior drug offenses were for simple possession. Second Supplemental Brief [14] at 4. It is true that in each of the four prior offenses, Mr. Howard was charged with possession: three counts of possession of cocaine in the '12144 case (Dkt. 9 at 45-47); one count of possession of cocaine in the '671 case (Dkt. 40-1 at 171); two counts of possession in the '7339 case, one for cocaine and the other for marijuana (Dkt. 9 at 37); and in the '110748 case two counts of possession, one for cocaine and the other for a small amount of marijuana (Dkt. 40-1 at 185-86), all misdemeanor offenses. But in all four cases he was also charged with and convicted of felony cocaine offenses. '12144 case (Dkt. 9 at 49); '671 case (Dkt. 40-1 at 173); '7339 case (Dkt. 9 at 39); and '10748 case (Dkt. 40-1 at 188). Mr. Howard's assertion that he was convicted of only simple possession is incorrect.

## II. Felon in Possession and *Rehaif*

Mr. Howard argues that his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) was not knowing and voluntary, citing in support the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court first held that under 18 U.S.C. § 922(g), the government must prove not only that a defendant belonged to a group of persons prohibited from possessing a firearm or ammunition, but also that the defendant *knew* he was a member of that group. *See Rehaif*, 139 S. Ct. at 2195-96. Mr. Howard contends that he should be able to withdraw his guilty plea and proceed to trial on the two counts of being a felon in possession because he was never advised that the

government would need to prove that he knew he was a felon. In response, while the government agrees with Mr. Howard that *Rehaif* is retroactive on collateral review, it contends that Mr. Howard is not entitled to collateral relief because of evidence establishing that he in fact knew he was a felon.

Although arising in the plain error context, the Supreme Court has held that to establish a plea was involuntary because of *Rehaif*, a defendant bears the burden of showing that "if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). The Supreme Court explained that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.* As a result, "it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Id.* In assessing the reasonable probability that the defendant might not have pled guilty, a court may look to the entire record, not just the evidence presented at trial. *Id.* at 2098.

Mr. Howard "contends that there is no evidence on the record or out of the record by which the government can prove this element" that he "should have known or even strongly suspected that he was a convicted felon." Petition [1] at 28. But that misstates the record. His Presentence Investigation Report sets out his criminal background, which includes the four felony drug offenses based upon which he was sentenced as an armed career criminal. *See* PSR [39] at 11-13. The convictions were also set out in Count I of the indictment in 13 CR 135 (found at Dkt. 40-1 10-11) and in the information in 14 CR 149 (found at Dkt. 40-2 at 7-8), and he pled guilty to those allegations (found at Dkt. 40-1 at 115-139). Although one of those convictions resulted in a sentence of probation, the other three resulted in sentences of 12-24 months' imprisonment ('12144 case), 24-48 months' imprisonment ('7339 case), and 11-23 months' imprisonment ('671 case). PSR [39] at 11-13. In addition, on July 17, 2007, he pled guilty to simple assault, for which he was sentenced to 11-23 months' imprisonment. *Id.* at 14. Based upon his history of felony convictions and sentences exceeding one year, it is not reasonably probable that had Mr. Howard known that the government must prove he knew he was a felon, he would have decided to go to trial. Such a decision would have cost him the 3-level reduction to his total offense level he received for timely acceptance of responsibility by pleading guilty, as well as the government's agreement not to pursue an additional charge of possessing a firearm in furtherance of a drug trafficking offense in the 13 CR 135 case. *See Plea Agreement* ¶ 3 (found at Dkt. 40-1 at 107-08). Mr. Howard has merely pointed out that he was never advised that the government must prove he knew he was a felon. He has offered no evidence or even asserted that he did not know he was a felon, and so cannot satisfy his burden to show a reasonable probability that he would not have pled guilty. *See Greer*, 141 S. Ct. at 2100.

Mr. Howard also argues that a guilty plea that is not knowing or voluntary is a structural error that requires automatic reversal. But that argument was addressed and rejected in *Greer*. *See Greer*, 141 S. Ct. at 2100 ("A *Rehaif* error in jury instructions is therefore not structural. And it follows that a *Rehaif* error in a plea colloquy is likewise not structural.").

The government asserts that Mr. Howard's *Rehaif* argument should be rejected for the additional reason that his 180-month sentences he received on each of the two counts of being a felon in possession are running concurrent to the 180-month sentence he received for possession with intent to deliver cocaine base. In collateral proceedings such as this habeas petition under 28 U.S.C. § 2241, a court may "decline to review an attack on a conviction if the sentence on that conviction runs concurrent to an equal or longer sentence on an unchallenged or affirmed conviction and there is no adverse collateral consequences to the defendant." *Hill v. Werlinger*, 695 F.3d 644, 649 n.1 (7th Cir. 2012). But the government has offered nothing to assure this Court that there is no collateral consequence to a defendant serving sentences for three offenses rather than one, for instance eligibility for certain programs within the Bureau of Prisons. Given that Mr. Howard's *Rehaif* arguments fail on the merits, the Court declines to further address the concurrent sentencing doctrine.

### III.    Career Offender Designation

In its response brief, the government made the following observation: "The probation officer also found listed [sic] two convictions for resisting arrest as predicate offenses for career offender purposes, but not for armed career criminal purposes. . . . Respondent is not arguing that the resisting arrest convictions qualify as predicate convictions for career offender or armed career criminal purposes." Response [38] at 3 n.2  In his reply brief, Mr. Howard then asserts that the government has in essence conceded that "his prior convictions for resisting arrest [] no longer qualifies as a '"crime of violence,"' and as a result he contends that his designation as a career offender should be set aside. Reply [51] at 16. In a supplemental reply brief he offered additional argument why a prior conviction for resisting arrest cannot support a career offender designation under the Sentencing Guidelines. Supplemental Reply [53].

The government did not concede that Mr. Howard is no longer a career offender. It merely noted that it was not arguing that his prior resisting arrest convictions supported Mr. Howard's designation as being either an armed career criminal or a career offender. But neither designation turned on his resisting arrest convictions: his four prior drug offenses supported both designations. *See* 18 U.S.C. § 924(e) ("a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both . . . shall be fined under this title and imprisoned not less than fifteen years"); U.S.S.G. § 4B1.1 ("the defendant has at least two prior felony convictions of either a crime of violence of a controlled substance offense").

### IV.    Motion for Counsel

Finally, after briefing was completed Mr. Howard filed a motion for counsel. In support, he states that the issues he has raised are complex and require obtaining "certain documents" that would be better handled by counsel. But he does not specify which documents are not already in the record that would have mattered. The Court has reviewed all of Mr. Howard's submissions, which cogently press his points and refer to the relevant authority. His motion for counsel does not identify any physical or mental impairments that would have adversely affected his ability to litigate his petition, and he did not detail efforts to find counsel on his own. After considering

the relevant factors set out in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and in an exercise of its discretion, the Court denies the motion for counsel.

## CONCLUSION

For the reasons given, Mr. Howard's petition for habeas corpus relief under 28 U.S.C. § 2241 [1] and [8] is denied, as is his motion for counsel [54].

Mr. Howard is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Howard need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Mr. Howard cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: March 11, 2022     By: _____
                              Iain D. Johnston
                              United States District Judge